**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION AT JACKSON**

**CHRISTINE BUTLER**                                                                             **PLAINTIFF**

**VS.**                                                                        **CAUSE NO. 3:18-cv-797-HTW-LRA**

**THE KROGER COMPANY AND
JOHN DOES PERSON(S) 1-5 AND
JOHN DOES ENTITY (IES) 1-5**                                                **DEFENDANTS**

**ANSWER AND DEFENSES OF THE KROGER CO., DEFENDANT**

COMES NOW, The Kroger Co. (sometimes hereinafter referred to as "Kroger" or Defendant or Kroger Defendant), by and through counsel, and in answer to the Complaint, states as follows:

**FIRST DEFENSE**

That the Complaint does not state a cause of action against this Defendant sufficient under law for any type of recovery and therefore all claims should be denied and the Complaint should be dismissed with prejudice. Fed. R. Civ. P. 12

**SECOND DEFENSE**

Answering the allegations of the Complaint, and without waiving any defenses, Defendant states:

1.    The Defendant is without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint.

2.    Defendant, admits that it been served and that it is an Ohio Corporation, headquartered in Cincinnati.

3. Defendant notes that the allegations of this paragraph merely constitute conclusory statements of law or fact which require no response and are therefore denied. The Defendant expressly denies any fault or liability.

4. The answering Defendant notes that the allegations of this paragraph merely constitute conclusory statements of law or fact which require no response and are therefore denied. The Defendant expressly denies any fault or liability.

5. The Answering defendant admits that on or about February 1, 2016, Plaintiff, Christine Butler, was a customer at the Kroger grocery store.  The answering defendant admits that contact was made between Ms. Butler and the door. The answering Defendant notes that the discovery process has not yet begun and that at this juncture the remaining allegations of this Paragraph cannot be confirmed but are perceived at this time to be conclusory statements of law or fact which require no response at this time and are therefore denied. Defendant reserves the right to supplement this response as may become appropriate.

6. The answering Defendant notes that the allegations of this paragraph merely constitute conclusory statements of law or fact which require no response and are therefore denied.

7. The Answering defendant admits that on or about February 1, 2016, Plaintiff, Christine Butler, was a customer at the Kroger grocery store.  The answering defendant admits that contact was made between Ms. Butler and the door. The answering Defendant notes that the discovery process has not yet begun and that at this juncture the remaining allegations of this Paragraph are perceived at this time to be conclusory statements of law or fact which require no

response at this time and are therefore denied. Defendant reserves the right to supplement this response as may become appropriate.

8. The Answering defendant admits that on or about February 1, 2016, Plaintiff, Christine Butler, was a customer at the Kroger grocery store. The answering defendant admits that contact was made between Ms. Butler and the door. The answering Defendant notes that the discovery process has not yet begun and that at this juncture the remaining allegations of this Paragraph, including subparts (a), (b), (c), are perceived at this time to be conclusory statements of law or fact which require no response at this time and are therefore denied. Defendant reserves the right to supplement this response as may become appropriate.

9. The Answering defendant admits that on or about February 1, 2016, Plaintiff, Christine Butler, was a customer at the Kroger grocery store. The answering defendant admits that contact was made between Ms. Butler and the door. The answering Defendant notes that the discovery process has not yet begun and that at this juncture the remaining allegations of this Paragraph, including subparts (a), (b), (c), (d), (e) are perceived at this time to be conclusory statements of law or fact which require no response at this time and are therefore denied. Defendant reserves the right to supplement this response as may become appropriate.

In answer to the final paragraph which begins with the phrase "**WHEREFORE, PREMISES CONSIDERED,**" the answering defendant notes that the discovery process has not yet begun and that at this juncture the allegations of this paragraph are perceived to be conclusory statements of law or fact which require no response at this time and are therefore denied, including expenses, costs, attorneys fees, or any other recovery or relief whatsoever.

**ADDITIONAL AFFIRMATIVE DEFENSES**

And now, without waiving any defenses that have already been asserted, the answering Defendant states the following:

**THIRD DEFENSE**

The affirmative statements and denials contained in the foregoing Answer are incorporated herein by reference.

**FOURTH DEFENSE**

The facts and circumstances not being fully discovered, the answering Defendant[s] expressly reserve the right to assert, if applicable, and subject to withdrawal, that it did all required and was in no way negligent or otherwise at fault.

**FIFTH DEFENSE**

The facts and circumstances not being fully discovered, answering Defendant expressly reserves the right to assert, if applicable, and subject to withdrawal, that it was at all times in compliance with the requisite standard of care and is not liable or responsible to the Plaintiffs for any reason whatsoever.

**SIXTH DEFENSE**

The facts and circumstances not being fully discovered, each answering Defendant expressly reserves the technical right as a matter of law to assert, if applicable, and subject to withdrawal, contributory negligence as a defense hereto, and asserts §11-7-15 of the Mississippi Code.

## SEVENTH DEFENSE

The facts and circumstances not being fully discovered, each answering Defendant expressly reserves the right to assert, if applicable, and subject to withdrawal, inadequate caution and mitigation by Plaintiffs.

## EIGHTH DEFENSE

If applicable, and subject to withdrawal, each answering Defendant asserts § 85-5-7 of the Mississippi Code.

## NINTH DEFENSE

That each answering Defendant is in no way responsible for the acts of others who are not under their direction and control.

## TENTH DEFENSE

If applicable, and subject to withdrawal, each answering Defendant asserts any and all defenses of pre-existing medical conditions, or disease, handicap, or lesions, or any other condition involving the Plaintiffs.

## ELEVENTH DEFENSE

Each answering Defendant specifically denies that the Plaintiffs are entitled to any type of recovery from each defendant.

## TWELTH DEFENSE

Each answering Defendant reserves the right to amend this Answer at any time prior to trial.

**THIRTEENTH DEFENSE**

Each answering Defendant, out of abundance of caution, denies any and all allegations contained in the Complaint which seek to impose liability for damages, compensatory or punitive, arising from or connected with the allegations of the Complaint and the Plaintiff.

**FOURTEENTH DEFENSE**

The facts and circumstances not being fully discovered, each answering Defendant expressly reserves the right to assert that the sole proximate cause, or in the alternative a proximate contributing cause, of any alleged damages sustained by the Plaintiffs is the negligence or wrongful acts of others for which each answering Defendant is not liable or is the direct result of other causes and conditions over which each answering Defendant had no control.

**FIFTEENTH DEFENSE**

The facts not having been fully developed, and subject to withdrawal, each answering Defendant affirmatively pleads the following affirmative defenses as may be applicable in this action: improper venue; insufficiency of process or the service of process; failure to join necessary parties; the terms, provisions and conditions of any contract or agreement; accord and satisfaction, assumption of risk; contributory negligence; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; waiver; the alleged losses and damages complained of were proximately caused or proximately contributed to by external forces, acts of nature, force majeure, or negligent acts of others for whom this Defendant is not responsible or liable; and any other matter constituting an avoidance or affirmative defense.

**SIXTEENTH DEFENSE**

Each answering Defendant invokes the limitations, protections, caps on non-economic damages, and immunities afforded it by the Mississippi Malpractice Tort Reform Act, as amended including, but not limited to, Section 7, MCA § 11-1-65; the Mississippi Constitution and the United States Constitution. Without waiving any other affirmative defense and pleading in the alternative, each answering Defendant further pleads being entitled to all rights, benefits and privileges afforded by the Mississippi Legislature and the Mississippi Code, in particular but not limited to certain enactments as set forth in the 2002 Mississippi Laws Third Extraordinary Session, Chapter 4 (H.B. No. 19) – Civil Justice Reform Act and the 2004 Mississippi Laws First Extraordinary Session, Chapter 1 (H.B. No. 13) – Civil Procedure – Tort Reform – Venues; Damages; Juries, etc. and this Defendant expressly reserves all rights provided thereby, including transfer of venue, and limitations on damages.

**SEVENTEENTH DEFENSE**

The facts and circumstances not being fully discovered, each answering Defendant expressly reserves the right to assert that any alleged losses and damages complained of by the Plaintiff were proximately caused or proximately contributed to by external forces, acts of nature, force majeure, or negligent or wrongful acts of others for whom each answering Defendant is not responsible nor liable.

**EIGHTEENTH DEFENSE**

The facts and circumstances not being fully discovered, each answering Defendant expressly reserves the right to assert, if appropriate, and subject to withdrawal, that Plaintiff failed to mitigate damages, if any. Each answering Defendant should not be liable or responsible

for damages allegedly sustained by the Plaintiff, if any, that were caused or contributed to by the Plaintiff's failure to mitigate damages or take reasonable steps to avoid damages, or lessen resulting damages, or otherwise exercise ordinary or reasonable care and diligence.

### NINETEENTH DEFENSE

In the event subsequent investigation reveals that the Plaintiff's damages, if any, are the result of an intervening act or subsequent or superseding event which was the sole proximate or substantially contributing cause, this Defendant reserves the right to defend on said basis.

### TWENTIETH DEFENSE

As a matter of fact, the Plaintiff has no claim against this/these Defendant[s]. As a matter of law, the Plaintiff has no claim against this/these Defendant[s].

### TWENTY FIRST DEFENSE

Any alleged losses and damages complained of by the Plaintiff were proximately caused or proximately contributed to by the Plaintiff, or by external forces, acts of nature, force majeure, or negligent or wrongful acts of others for whom this/these Defendant[s] is/are not responsible or liable.

### TWENTY SECOND DEFENSE

This/these Defendant[s] reserves the right to file any claim allowed pursuant to Rules 13 and/or 14 of the Federal Rules of Civil Procedure, and places the Plaintiff on notice of such.

AND NOW, having fully answered the allegations as contained in the Complaint, and having asserted defenses thereto, this Defendant prays that the Plaintiff's Complaint should be dismissed and that all costs associated with the Complaint should be taxed against the Plaintiff,

including the Defendant's expenses and legal fees, and the Defendant further prays for any other relief this Court may deem appropriate.

   **RESPECTFULLY SUBMITTED**, this the 16th day of November, 2018.

           FOR: **The Kroger Co.**

           BY: ***/s/Monte L. Barton Jr.***
              MONTE L. BARTON JR.

OF COUNSEL:
Monte L. Barton Jr. (MSB #2095)
**JERNIGAN COPELAND ATTORNEYS, PLLC**
587 Highland Colony Parkway
Post Office Box 2598
Ridgeland, MS 39158-2598
Telephone: (601) 427-0048
Facsimile: (601) 427-0051
Email: monte@bartonpllc.com
Email: mbarton@jcalawfirm.com

## **CERTIFICATE OF SERVICE**

      I, the undersigned attorney of record, do hereby certify that I have this day served a true and correct copy of the foregoing Answer and Defenses via the ECF system upon the following:

Raju Aundré Branson, Esquire (MSB #99950)
Schwartz & Associates, P.A.
162 East Amite Street (39201)
P.O. Box 3949
Jackson, MS 39207-3949
Telephone: 601-988-8888
Facsimile: 601-948-3822
Email: abranson@1call.org
ATTORNEY FOR PLAINTIFF

      **THIS**, the 16th day of November, 2018.

                                      BY:    ***/s/Monte L. Barton Jr.***
                                                    MONTE L. BARTON JR.