# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHEN DIVISION

**CHRISTINE BUTLER**                                           **PLAINTIFF**

**V.**                                                       **CAUSE NO. 13:18-CV-797-HTW-LRA**

**THE KROGER COMPANY AND**
**STANLEY ACCESS TECHNOLOGIES, LLC**
**AND DOE PERSON(S) 1-5 AND**
**JOHN DOE ENTITY(IES) 1-5**                            **DEFENDANTS**

## NOTICE OF 30(b)(6) DEPOSITION THE KROGER COMPANY

Please take notice that the Plaintiff in the above styled and numbered action will take the deposition of Defendant, Kroger Company, upon oral examination of a person or persons to be designated by the Defendant pursuant to F.R.C.P. 30(b)(6) at 10 a.m. on January 14, 2020, at the office of Schwartz & Associates, P.A., 162 E. Amite Street, Jackson, Mississippi 39201. The deposition will be given before a notary public or some other officer duly authorized to administer oaths and will continue from day to day thereafter until the examination is concluded. You are invited to attend an participate as you deem appropriate. Plaintiff reserves the right to videotape the deposition.

The said Deponent shall designate such person or persons who can testify on its behalf as to the following subject matter areas and, in advance of the deposition, produce any and all documents responsive to the following topics:

1. All formal or informal names used for both Defendant, Kroger Company, and persons (owners) of the business; list any and all business or persons (address, location, etc.) associated or related to Kroger Company, employees, workers, or other

persons associated with day to day operations of Kroger Company for the past five (10) years. Identify by location, address, name and names of the owners that are related, associated or used by defendant. Identify which store was being used in the incident in Vicksburg MS wherein Plaintiff was injured on the date of the incident described in the complaint.

2. General nature of business of Defendant and general business history of Defendant;

3. Nature and scope of employment of Shareena Ellis at all times prior and subsequent to the incident with the sliding door at Kroger and any known owner, associate, manager or worker of Kroger with information about the safety standards for Kroger including the operation and use of the sliding door involved in the incident described in the complaint. ;

4. History of Stanley Access with the Defendant Kroger;

5. All documents, investigative reports and logs regarding the incident in which plaintiff was injured;

6. Any and all insurance coverage for Defendant in effect prior to and at the time of the accident, including worker's compensation and liability coverage;

7. Training for employees, mangers and associates by defendant regarding the general safety of the premises including the sliding door and immediate area wherein Plaintiff was injured on the date of the incident described in the complaint. ;

8. Policies and procedures of defendant pertaining to safety of premises for its customers;

9. Plaintiffs request that any and all documents pertaining to or in any way relating to

any of the above-designated areas of testimony to be produced by Defendant at the time and place of the taking of this deposition;

10. Any and all matters related to industry standard, guidelines and other voluntary standards recommendations or guidelines applicable to the Kroger's premises including the sliding door and immediate area wherein Plaintiff was injured on the date of the incident described in the complaint;

11. Any and all safety training/orientation done in conjunction with Kroger individually and Kroger with any Stanley Access products including the sliding door involved wherein Plaintiff was injured on the date of the incident described in the complaint. Include Corporation in general and specific dates this training was done;

12. The names, addresses and phone numbers of persons who know the contractual relationship with Kroger and Stanley Access including training for employees, responsibilities of each business in regards to relationship between Kroger and Stanley Access .

13. The corporate structure, including directors, officers and employees of Kroger.

14. All matters relating to any previous claims or lawsuits against Defendant, Kroger, for any matters involving the entrance or exit ways including sliding doors.

15. All matters relating to Defendant, Kroger's, work, inspection and maintenance of the premises.

16. All matters related to Plaintiff's fall which forms the subject of this action.

17. All matters and information related to installation and monitoring of the subject

premises.

18. All matters related to surveillance of the subject premises.

19. All matters involving building, fire or safety code compliance at the subject premises.

20. All matters related to the Interrogatories propounded by Plaintiff.

21. All matters related to the Request for Production of Documents propounded by Plaintiff.

22. All questions regarding the safety and daily operations of the sliding glass door in question.

23. All questions about the daily safety checklist and any other safety protocols for the entrance and exit ways at Kroger's.

24. All questions regarding the incidents that require contacting Stanley Access or any other door service provider for assistance with the sliding doors that malfunction or otherwise do not operate properly.

25. All questions about the Stanley Access Technologies Service Reports for Kroger Completed 6 years before this incident up until today.

Further, Plaintiffs request that the following documents be produced at the time and place of the taking of this deposition:

1. All service requests Kroger made for the sliding doors at Kroger's from 6 years prior to the incident until the present.

2. Any written agreements, policies or forms regarding servicing the sliding doors, including the time that Stanley Access should be contacted, if the sliding door

malfunctions.

3. Any and all record in the possession, custody or control of defendant pertaining to plaintiff;

4. Any and all photographs of the subject sliding door;

5. All photographs, slides, pictures, motion pictures or other visual portrayals in the possession, custody or control of Defendant of the scene of the subject accident;

6. All documents, investigative reports and logs regarding the incident in which plaintiff was injured.

7. Any accidents or incidents involving Kroger store the three years immediately preceding the wherein Plaintiff was injured on the date of the incident described in the complaint;

8. All manuals, documents, regarding the maintenance and operations of the sliding door wherein Plaintiff was injured on the date of the incident described in the complaint.

9. Any and all records reflecting any payment or reimbursement to Richard Brancs for the one year period previous to the subject accident, including cancelled checks, payroll records, check stub, receipts, invoices or other evidence of payment;

10. Any and all document relation to, supportive of, or pertaining to any of the designated areas of testimony herein.

11. Copy of any policy, procedures, safety programs or training programs which are applicable to Krogers and Krogers and Stanley Access employees.

12. Copy of any contract in effect at the time of the incident between Kroger and Stanley

Access;

13. Copies of any correspondence between defendant Kroger and Stanley Access.

Respectfully submitted:

BY: /s/ Raju Aundré Branson
RAJU AUNDRÉ BRANSON, MSB #99950
Attorney for the Plaintiff

Of Counsel:
Raju Aundre' Branson, MSB#99950
Schwartz & Associates, P.A.
Post Office Box 3949
Jackson, MS 39207-3949
(601) 353-1215

## CERTIFICATE OF SERVICE

I, Raju Aundré Branson, do hereby certify that I have this day filed the above and foregoing *Notice of 30(b)(6) Deposition* using the Electronic filing system, which should have automatically sent notification of this filing to:

Fred E. (Trey) Bourn
Jonathan H. Still
Marcellus D. Chamberlain
Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
*Attorneys for Stanley Access Technologies*

Monte L. Barton, Jr.
Hagwood and Tipton
213 Draperton Dr., Suite A
Ridgeland, MS 39157
*Attorney for The Kroger Company*

This the 30th day of December, 2019.

/s/ Raju Aundré Branson
Raju Aundré Branson